UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:                                                                                          CASE NO. 12-52531

DWIGHT DONALDSON
LYNNETTE DONALDSON

DEBTORS

**<u>MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO AVOID JUDGMENT LIENS</u>**

Debtors filed a chapter 7 petition on September 28, 2012 in which they disclosed that (i) Capital One Bank, USA ("Capital One") held two unsecured judgment claims against them and (ii) they owned no real estate [Doc. 1 at pages 19, 10].  The Debtors have not yet received their discharge.

On November 2, 2012, Debtors filed two motions "for Order Avoiding Judgment Lien[s] and Directing Release of Lien[s]" (the "Motions") [Doc. 10 and 11].  The Motions each allege that Capital One "may have" filed a Notice of Judgment Lien in Bath County and the Debtors did not own any real estate in Bath County "during any of the relevant periods noted herein."  The Motions further state that the "discharge of the debtor is impaired by the judgment lien of Capital One…..and the presence of said lien in the records of the Bath County Clerk's Office constitutes a continuation of an action to collect a discharged debt. 11 U.S.C. Section 524."  Based on these allegations, the Motions request that the Court: (i) take action pursuant to 11 U.S.C. §522(f)(1)(A) to avoid Capital One's judgment liens; and (ii) direct the Bath County Clerk to release the judgment liens.  No other authority is offered in support of these requests.

Section 522(f)(1)(A) provides that a judicial lien may be avoided to the extent that such lien impairs an exemption. In Kentucky, the requirements of §522(f)(1)(A) are not met when the Debtor owns no real estate.  Simply stated, judgment liens only encumber real property (K.R.S. §426.720) and if the Debtors own no real estate, no exemption can be impaired by a judgment

1

lien. In re Norvell, 198 B.R. 697 (Bankr. W.D. Ky. 1996). The liens (if they exist) are not avoidable pursuant to §522(f)(1)(A).

Moreover, when a debtor owns no real estate at the petition date, there is no property to which the prepetition judgment lien attaches; and thus, when the debt owed by the Debtors on the underlying judgment is discharged, the judgment is void pursuant to 11 U.S.C. §524(a). Norvell, 196 B.R. at 699.

Here, the Debtors appear to seek the same sort of comfort order considered by the Court in Norvell. Debtors' vague allegations, e.g., that there "may be" a lien, that the lien "may be" in Bath County, do not warrant the comfort requested. While there could be instances in which such an order is appropriate, such is not the case here where the Debtors have not received their discharge, and the judgment liens are neither in the record nor identified by any recording information.

IT IS HEREBY ORDERED that the Motions [Doc. 10 and 11] are DENIED.

COPIES TO:

Debtors
Ronald E. Butler, Esq.
James D. Lyon, Esq.
Heather Peters, Esq., Mapother & Mapother, 815 W. Market Street, Ste. 500, Louisville, KY 40202 (via U.S. mail)
Greene & Cooper, P.O. Box 20067, Louisville, KY  40250 (via U.S. mail)

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Wednesday, December 26, 2012
(tnw)**